**SO ORDERED.**

**SIGNED this 23rd day of September, 2026.**

LENA MANSORI JAMES
UNITED STATES BANKRUPTCY JUDGE

---

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**WINSTON-SALEM DIVISION**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| BOB LEE CAULEY, | ) | **ORDER** |
| ALICIA ALEXANDER CAULEY | ) | |
| | ) | No. B-23-50578 C-13W |
| Debtors. | ) | |

This Chapter 13 case came before the Court upon the Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. § 362 ("Motion") filed by Hyundai Capital America d/b/a Hyundai Motor Finance ("Creditor") regarding a 2021 Hyundai Tucson VIN: KM8J33A48MU330249 ( the Vehicle). The Creditor's claim is secured by the Vehicle. The Vehicle was involved in an automobile accident and deemed a total loss. The insurer has agreed to pay $6,475.45 in settlement of the insurance claim. There were no objections or other responses contesting the Motion filed on or before September 16, 2026, the deadline set by the Office of the Clerk for filing such pleadings, and the Court, having reviewed the Motion and the record of this case finds as follows:

The Motion has not been opposed.

Cause exists to grant the Motion; therefore, it is

**ORDERED** that the automatic stay is modified to allow the Creditor to apply the insurance proceeds to its account in accordance with the terms of its contract and applicable non-bankruptcy law. The Creditor shall release the lien on the Vehicle to the insurer upon application of the insurance proceeds to its account; and it is further

**ORDERED** that the Creditor shall have up to and including January 21, 2027 to file an unsecured deficiency claim for any balance due on its account after the application of the insurance proceeds to its claim, unless the Court, for good cause shown, by motion filed before the expiration of this period, extends the same; and it is further

**ORDERED** that, upon application of the insurance proceeds to its account, the Creditor must provide an explanation of any surplus insurance to the Trustee, Debtors' Counsel and the

Debtors within 14 days and send payment of such surplus to the Trustee within 60 days pending further order of the Court regarding its disposition; and it is further

**ORDERED** that the Trustee shall disburse no further payments to the Creditor on its secured claim; and it is further

**ORDERED** that this Order is effective immediately notwithstanding the provisions of Rule 4001(a)(4) of the Federal Rules of Bankruptcy Procedure.

(END OF DOCUMENT)

PARTIES TO BE SERVED
PAGE 1 OF 1
B-23-50578 - C-13W

BOB CAULEY
ALICIA ALEXANDER CAULEY
7711 NINTH FAIRWAY LANE
MINT HILL, NC 28227

ERICA C. NESMITH
LAW OFFICES OF JOHN T. ORCUTT
6616-203 SIX FORKS ROAD
RALEIGH, NC 27615

EUDORA F.S. ARTHUR
WOMBLE BOND DICKENSON (US) LLP
555 FAYETTEVILLE STREET, SUITE 1100
RALEIGH, NC 27601

JOHN PAUL COUNOYER
US BANKRUPTCY ADMINISTRATOR
101 S. EDGEWORTH STREET
GREENSBORO, NC 27401

BRANDI RICHARDSON
CHAPTER 13 TRUSTEE
PO BOX 2115
WINSTON-SALEM, NC 27102-2115